IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MEDLINE INDUSTRIES, INC.,

    Plaintiff,

v.                                          Civ. No. 19-971 MV/GBW

FIESTA PARK HEALTHCARE, LLC,
*d/b/a The Medical Resort at Fiesta Park*;
WW HEALTHCARE, LLC, *d/b/a Princeton
Place*; & REHAB SUITES AT LAS ESTANCIAS,
LLC, *d/b/a The Rio at Las Estancias*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me pursuant to the Court's Order of Reference (*doc. 15*), referring Plaintiff's Motion for Entry of Default Judgment (*doc. 13*) to me for analysis, proposed findings, and recommended disposition. Having reviewed the motion and Plaintiff's Complaint (*doc. 1*), I recommend that the Court DENY Plaintiff's Motion and DISMISS Plaintiff's Complaint WITHOUT PREJUDICE.

### I.  BACKGROUND

On October 15, 2019, Plaintiff filed a Complaint for Money Owed against all Defendants. *Doc. 1*. Plaintiff alleges that it "provided goods and medical supplies to Defendants." *Id.* at 2. Plaintiff alleges that Defendant Fiesta Park Healthcare, LLC owes Plaintiff $81,317.97; that Defendant WW Healthcare, LLC owes Plaintiff $138,063.23; and that Defendant Rehab Suites at Las Estancias, LLC owes Plaintiff $91,009.88. *Id.*

All Defendants were served by October 30, 2019. *Docs. 7–9*. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants were required to answer Plaintiff's complaint by November 20, 2019. On December 3, 2019, having received no answer from any Defendant, Plaintiff requested the clerk's entry of default. *Doc. 10*. The clerk of court entered default on December 23, 2019. *Doc. 11*. Plaintiff then filed this motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *Doc. 13*.

## II.   LEGAL STANDARDS

Entry of default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). However, a default judgment may be vacated if the pleadings are insufficient to support it. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Before entering default judgment, the Court must make a threshold determination that it has jurisdiction over Defendants. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

"After a default judgment is handed down, a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts." *Tripodi*, 810 F.3d at 764 (citation omitted). However, "a party in default does not admit mere conclusions of law." *Bixler*, 596 F.3d at 762 (citation omitted). The Court must consider whether the well-pleaded facts constitute a legitimate cause of action. *Id.* The Court may not enter default judgment on claims that are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bixler*, 596 F.3d at 762.

Additionally, the Court may not enter default judgment for the amount of damages claimed without a hearing, unless the damages are liquidated or capable of mathematical calculation. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

### III. ANALYSIS

As a threshold matter, I note that the Court has jurisdiction over Defendants. The Court has personal jurisdiction, as all the Defendants are entities incorporated in New Mexico. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Court has subject matter jurisdiction under 28 U.S.C. § 1332, which requires complete diversity and an amount in controversy exceeding $75,000. *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Plaintiff has its place of incorporation and principal place of business in Illinois. All Defendants have their place of incorporation and principal place of business in New Mexico. *Doc. 1* at 2. Thus, complete diversity of citizenship exists between the parties. Plaintiff claims it is owed an amount over $75,000 by each Defendant, thus the requisite amount in controversy is met.

Plaintiff's complaint sounds in contract. The basic elements of a breach of contract claim are (1) a valid contract, (2) breach of the contract, and (3) damages. *Alderete v. City of Albuquerque*, 2015 WL 1143085, at *1 (N.M. Ct. App. Feb. 23, 2015) (unpublished) (citing *Constr. Contracting & Mgmt., Inc. v. McConnell*, 815 P.2d 1161 (N.M. 1991)). A valid contract exists where there is offer, acceptance, consideration, and mutual assent. *Heye v. Am. Golf Corp., Inc.*, 80 P.3d 495, 498 (N.M. Ct. App. 2003)

(citations omitted). Acceptance requires a "manifestation of unconditional agreement to all of the terms of the offer and an intention to be bound thereby." *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1310 (N.M. 1991) (citation omitted). Under New Mexico's Statute of Frauds, a contract for the sale of goods of $500 or more is not enforceable "unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought…." NMSA 1978, § 55-2-201(1). Additionally, a contract for the sale of goods must specify a quantity term. *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 694 P.2d 1351, 1354 (N.M. 1985) (citing NMSA 1978, § 55-2-201(1)).

Plaintiff does not attach a contract to its complaint or otherwise allege the existence of a written contract. *See generally doc. 1*. None of the documents attached by Plaintiff are signed by any Defendant. According to the invoices attached by Plaintiff, many of the goods delivered to Defendants were above $500, thus writings signed by Defendants are required. A contract that fails to meet the requirement of a signed writing may nonetheless be enforceable "with respect to goods … which have been received and accepted." *Id.* § 55-2-201(3)(c). However, Plaintiff fails to identify what goods were received by Defendants and in what quantity, as the invoices provide only internal reference numbers. Plaintiff also fails to allege whether the goods were accepted by Defendants. Thus, Plaintiff has failed to adequately allege a valid contract.

As to breach, Plaintiff merely asserts that Defendants owe Plaintiff certain sums of money. Even assuming that Plaintiff's provision of "goods and medical supplies" to Defendants constitutes a valid contract, Plaintiff has failed to establish that Defendants breached any specific term of the contract. Plaintiff has not provided any indication of the terms of payment agreed between the parties, including the due date for any payment. In short, neither the complaint nor the documents attached to it establish that Defendants are in breach of any contractual obligations to Plaintiff.

Plaintiff has also failed to adequately allege damages. Damages in a contract claim are recoverable if the plaintiff shows that it suffered an actual loss or detriment that was caused by the defendant's breach. *Stevens v. Mitchell*, 186 P.2d 386, 389 (N.M. 1947). Because Plaintiff has failed to adequately allege breach, Plaintiff cannot establish that Defendants caused damages to Plaintiff. Moreover, the documents attached to the complaint provide insufficient detail to establish Plaintiff's entitlement to the specific sums alleged. The documents are all dated March 1, 2019, more than seven months before the complaint was filed. *See, e.g., doc. 1* at 7. The "Master Credit Sheets" indicate that a portion of the payment allegedly owed was not yet due as of the date the sheets were printed. *See, e.g., id.* (showing total amount of $51,798.84 as "Coming Due" over a period of 90 days). The status of these payments as of October 15, 2019 is unclear. The sums alleged also include an interest computation, although there is no indication of an agreed interest rate. *See, e.g., id.* at 6 (indicating interest due in the amount of $738.92).

5

Plaintiff thus provides no basis for the Court to determine the amount of damages by mathematical calculation.

Finally, Plaintiff's motion for default judgment is inadequate to overcome the insufficiencies in Plaintiff's complaint. The only evidence Plaintiff submits to establish its entitlement to the sums alleged is an affidavit by Plaintiff's counsel. *Doc. 13-1.* An affidavit by plaintiff's counsel, which does not attest to personal knowledge of the facts, is insufficient evidence of damages. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999); *GAG Enters., Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Plaintiff's counsel's affidavit does not indicate that Plaintiff's counsel has personal knowledge of the transactions giving rise to Plaintiff's claims. Therefore, the affidavit cannot supply the missing detail to establish Plaintiff's entitlement to the specific sums alleged.

**IV. CONCLUSION**

For the foregoing reasons, I find Plaintiff's complaint fails to state a valid claim for relief. Therefore, I recommend that the Court DENY Plaintiff's Motion (*doc. 13*) and DISMISS Plaintiff's Complaint (*doc. 1*) WITHOUT PREJUDICE to Plaintiff's ability to refile an amended complaint.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**