IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MEDLINE INDUSTRIES, INC.,

    Plaintiff,

v.                                                           No. 19-CV-971 MV/GBW

FIESTA PARK HEALTHCARE, LLC,
*et al.*,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Objections (*doc. 17*) to the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 16*). The Magistrate Judge recommended denying Plaintiff's Motion for Default Judgment (*doc. 13*) and dismissing Plaintiff's Complaint (*doc. 1*) without prejudice to Plaintiff's ability to file an amended complaint. Having conducted an independent, *de novo* review of the Motion, the Complaint, and the Magistrate Judge's PFRD, the Court will overrule Plaintiff's objections and adopt the PFRD.

Plaintiff filed a Complaint for Money Owed on October 15, 2019. *Doc. 1*. All Defendants were served by October 30, 2019. *Docs. 7–9*. On December 3, 2019, having received no answer from any Defendant, Plaintiff requested the clerk's entry of default pursuant to Rule 55 of the Federal Rules of Civil Procedure. *Doc. 10*. The clerk entered default on December 23, 2019. *Doc. 11*. Plaintiff moved for default judgment on the same day. *Doc. 13*.

Default judgments are disfavored by the courts. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (citing *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

The decision to enter default judgment is committed to the sound discretion of the district court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). A default judgment may be set aside for good cause. Fed. R. Civ. P. 55(c). Before the Court may enter default judgment, it must determine whether the complaint's factual allegations constitute a valid cause of action. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Upon default, a defendant admits to the complaint's well-pleaded facts. *Tripodi*, 810 F.3d at 764. However, the defendant does not admit to any legal conclusions. *Bixler*, 596 F.3d at 762.

Plaintiff objects that its Complaint adequately alleges "a short and plain statement of the claim" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Doc. 17* at 2. Plaintiff's allegations as to its claim are that Plaintiff "provided goods" to Defendants and that each Defendant "owes" Plaintiff certain sums of money. *Doc. 1* at 2. From Plaintiff's threadbare allegations, the Magistrate Judge construed Plaintiff's complaint as sounding in contract. PFRD at 3. The basic elements of a contract claim are a valid contract, breach of the contract, and damages. *Alderete v. City of Albuquerque*, 2015 WL 1143085, at *1 (N.M. Ct. App. Feb. 23, 2015) (unpublished) (citing *Constr. Contracting & Mgmt., Inc. v. McConnell*, 815 P.2d 1161 (N.M. 1991)). Even when applying a lenient pleading standard, the New Mexico Court of Appeals has indicated that a complaint for breach of contract must include several formal elements:

> Generally, a complaint on breach of contract must allege: (1) the existence of a valid and binding contract; (2) the plaintiff's compliance with the contract and his performance of the obligations under it; (3) a general averment of the performance of any condition precedent; and (4) damages suffered as a result of defendant's breach.

*McCasland v. Prather*, 585 P.2d 336, 338 (N.M. Ct. App. 1978). As the Magistrate Judge explained, Plaintiff's Complaint failed to adequately plead the existence of a valid and binding

2

contract. Plaintiff objects that the PFRD is "forcing a claim for breach of contract" and that "it is not the place of the court to create a cause of action for the plaintiff." *Doc. 17* at 3. If Plaintiff is not asserting a breach of contract claim, then this Court is mystified as to what cause of action Plaintiff *is* asserting. The Court therefore agrees with the Magistrate Judge that Plaintiff has failed to adequately plead a valid cause of action.

Plaintiff points out that Form Pro Se 6 on the United States Courts' website provides a template requiring minimal information to assert a claim for money owed. *See Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money*, United States Courts, https://www.uscourts.gov/forms/pro-se-forms/complaint-civil-case-alleging-defendant-owes-plaintiff-sum-money (last updated Dec. 1, 2016). As indicated by its title, this form is primarily intended for the benefit of plaintiffs bringing suits *pro se*. Pleadings by *pro se* litigants are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Huggins v. Hilton*, 180 F. App'x 814, 816 (10th Cir. 2006) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). As a corporation represented by counsel, Plaintiff is not entitled to the liberal pleading standard afforded to *pro se* plaintiffs. In any event, Form Pro Se 6 requires more information than Plaintiff provided in its Complaint. The form requires a plaintiff to state that the defendant owes money "because" of some contractual or promissory arrangement (e.g., a promissory note, a credit card agreement, a sale of goods, etc.). *See* Form Pro Se 6 at 4. As previously stated, Plaintiff has not adequately alleged a contract. Additionally, for sales of goods, Form Pro Se 6 requires the plaintiff to state that it "sold and delivered" goods to the defendant. *Id*. at 5. This stands in contrast to Plaintiff's far more ambiguous allegation that it "provided" goods to Defendants. For these reasons, the Court finds that Plaintiff's Complaint is inadequate even under the standard of Form Pro Se 6.

Upon filing and serving an amended complaint properly alleging a valid cause of action, Plaintiff may move again for default judgment if Defendants fail again to file timely answers. At that time, a hearing may be proper to determine the exact amount of damages.

Wherefore, IT IS HEREBY ORDERED as follows: the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 16*) are ADOPTED; Plaintiff's Motion for Default Judgment (*doc. 13*) is DENIED; Plaintiff's Complaint (*doc. 1*) is DISMISSED WITHOUT PREJUDICE; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**